IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


SISTER MICHAEL MARIE, *et al.*,

        Plaintiffs,

    vs.                      Case No. 2:11-cv-474
                               Judge Watson
                               Magistrate Judge King


AMERICAN RED CROSS, *et al.*,

        Defendants.


<u>OPINION AND ORDER</u>

    This matter is before the Court on the *Motion of Plaintiffs for Sanctions and/or Extension of the Discovery Cut-Off Period and the Dispositive Motion Date* ("*Plaintiffs' Motion for an Extension or Sanctions*"), Doc. No. 89, on the response of defendants American Red Cross and Mary McCord, Doc. No. 96, and on plaintiffs' reply, Doc. No. 109.  Also before the Court is the February 19, 2013 *Motion of Plaintiffs for Extension of Time to Respond to Motions for Summary Judgment and for Extension of Discovery Cut-Off Period* ("*Plaintiffs' Rule 16(b) and 56(d) Motion*"), Doc. No. 97, the response of defendants Ross County Emergency Agency and David Bethel, Doc. No. 100, and plaintiffs' reply, Doc. No. 104.  *Plaintiffs' Rule 16(b) and 56(d) Motion* was filed on February 19, 2013.  Defendants American Red Cross and Mary McCord (collectively the "ARC defendants") also filed a response to that motion, but not until on March 19, 2013.  *See* Doc. No. 106.  The ARC defendants' response will not be considered by the Court because it was not filed within the time permitted by the local

rules of this Court. *See* S.D. Ohio Civ. R. 7.2 ("Any memorandum in opposition shall be served within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion.").

For the reasons that follow, plaintiffs' motions are **DENIED**.

**I.    Background**

Plaintiffs Sister Michael Marie and Sister Mary Cabrini originally asserted claims against Ross County Emergency Management Agency and David Bethel (collectively the "RCEMA defendants") and the ARC defendants under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Ohio Revised Code §§ 4112.02, 4112.99, alleging discrimination, harassment and retaliation based on plaintiffs' religion.  Following the original preliminary pretrial conference, the Court, in consultation with counsel, established a discovery completion date of August 30, 2012 and a dispositive motions filing date of September 30, 2012. *Preliminary Pretrial Order*, Doc. No. 26.  The Court also advised the parties "that the discovery completion date requires that discovery requests be made sufficiently in advance to permit timely response by that date." *Id.*

On August 23, 2012, plaintiffs filed a motion to extend the discovery and dispositive motions deadlines. *Motion of Plaintiffs to Amend Discovery Deadline*, Doc. No. 55.  On September 19, 2012, the Court concluded that plaintiffs had failed to show good cause for the requested extension but nevertheless granted the motion in part and extended the discovery completion and dispositive motions deadlines to October 30, 2012 and November 29, 2012, respectively. *Order*, Doc. No.

60. However, the Court limited discovery conducted after August 30, 2012 to that requested by the parties by August 30, 2012. *Id.* The Court also advised the parties that there would be no further extension of the discovery completion deadline. *Id.*

Notwithstanding that warning, the ARC defendants thereafter filed a consent motion to extend the date by which depositions must be completed. *Consent Motion to Extend Time to Complete Depositions*, Doc. No. 64. The Court granted that motion, extending the discovery and dispositive motions deadlines to December 14, 2012 and January 13, 2013, respectively. *Order*, Doc. No. 69. The Court again advised the parties that there would be no further extension of the discovery completion deadline or of the summary judgment deadline. *Id.* The Court also denied plaintiffs' motion to compel, Doc. No. 65, and amended motion to compel, Doc. No. 66, as moot because plaintiffs had agreed to withdraw the motions should the *Consent Motion to Extend Time to Complete Depositions* be granted. *See Order*, Doc. No. 69.

The parties jointly filed yet another motion to extend the discovery and dispositive motions deadlines on December 14, 2012. *Joint Motion to Extend Time to Complete Discovery and File Dispositive Motions*, Doc. No. 73. The Court denied that motion on December 17, 2012, reasoning that the parties had failed to establish good cause to modify the scheduling order. *Order*, Doc. No. 74.

On January 14, 2013, the RCEMA defendants filed a motion for summary judgment, Doc. No. 85, the ARC defendants filed a motion for summary judgment, Doc. No. 87, and plaintiffs filed *Plaintiffs' Motion for an Extension or Sanctions*. On February 19, 2013, plaintiffs filed

*Plaintiffs' Rule 16(b) and 56(d) Motion*. Plaintiffs' motions seek (1) sanctions under Rule 37(b)(2)(A) in connection with the ARC defendants' alleged failure to comply with the Court's discovery orders, (2) an extension of the discovery completion and dispositive motions deadlines pursuant to Rule 16(b), and (3) an extension of the discovery completion deadline and of the date by which plaintiffs must respond to defendants' motions for summary judgment pursuant to Rule 56(d).[1]

## II.  Discussion

### A.  Rule 37(b)(2)(A)

Plaintiffs seek sanctions in the form of attorneys' fees and costs and a grant of default judgment against the ARC defendants under Fed. R. Civ. P. 37(b)(2)(A) in connection with defendants' alleged failure to comply with the Court's discovery orders. *Plaintiffs' Motion for an Extension or Sanctions*, pp. 13-16. Rule 37(b) of the Federal Rules of Civil Procedure authorizes the imposition of sanctions in connection with a party's "fail[ure] to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). A court may issue such orders as are just, including, *inter alia*, orders "rendering a default judgment against the disobedient party" or "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(vi), (vii).

Plaintiffs argue that the ARC defendants failed to comply with the Court's orders "require[ing] that the ARC Defendants provide the

---

[1] On that same date, plaintiffs in fact filed responses to the motions for summary judgment.  Doc. Nos. 98, 99.

identified ARC employees for depositions and require[ing] that the ARC Defendants fully respond to the written discovery requests of Plaintiffs." *Id.* at p. 13. Plaintiffs have not, however, referred to an order of this Court that specifically required such discovery. The Court's discovery orders, Doc. Nos. 60, 69, 74, simply extended the discovery completion date and limited the scope of discovery permitted after August 30, 2012. The Court did not order any party to conduct particular discovery. Rule 37(b) sanctions are therefore not warranted. *See Sokos v. Hilton Hotels Corp.*, 283 F.Supp.2d 42, 55 (D.D.C. 2003) ("First, it was readily apparent that the plaintiff was unable to seek sanctions against the defendants pursuant to Rule 37(b)(2) because the rule only provides a remedy to a party in circumstances when the opposing party fails to comply with a court order to provide discovery. Thus, since the Court had not issued an order to redress a discovery violation committed by the defendants, the plaintiff's counsel could not seek any relief under this rule.").

**B. Rule 16(b)**

Plaintiffs' motions also seek an extension of the discovery and dispositive motions deadlines – by an indeterminate period - "to enable Plaintiffs to conduct discovery, including discovery beyond the limited discovery which was initially ordered by the Court." *Plaintiffs' Rule 16(b) and 56(d) Motion*, p. 16. *See also Plaintiffs' Motion for an Extension or Sanctions*, p. 16. Specifically, plaintiffs seek to depose four identified individuals, to depose otherwise unidentified "additional parties," and to secure documents that had been requested of the ARC defendants but which had allegedly neverbeen

produced.  *Plaintiffs' Rule 16(b) and 56(d) Motion*, p. 16.  Plaintiffs argue that defendants will not be prejudiced by an extension of the discovery completion and dispositive motions deadlines, that the ARC defendants failed to fully respond to discovery requests and to produce employees for depositions, and that the Court's limitation on discovery penalizes plaintiffs.

Rule 16(b) of the Federal Rules of Civil Procedure requires that the Court, in each civil action not exempt from the operation of the rule, enter a scheduling order that limits the time to, *inter alia*, complete discovery and file motions.  Fed. R. Civ. P. 16(b)(1), (b)(3)(A).  The rule further provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  *See also* S.D. Ohio Civ. R. 16.2 ("[T]he Magistrate Judge is empowered to . . . modify scheduling orders upon a showing of good cause.").  "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'"  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).  "A district court should also consider possible prejudice to the party opposing the modification."  *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (citing *Inge*, 281 F.3d at 625).  The focus is, however, "primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause."  *Ortiz v. Karnes*, 2:06-cv-562, 2010 WL 2991501, at *1 (S.D. Ohio July 26, 2010) (citing *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind.

1995)). Whether to grant leave under Rule 16(b) falls within the district court's discretion. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

The Court notes, initially, that the motions presently before the Court are the parties' fourth and fifth requests for an extension to the discovery deadline. *See* Doc. Nos. 55, 64, 73, 89, 97. The present motions set forth the progression of plaintiffs' discovery efforts and the Court's discovery orders from plaintiffs' initial August 9, 2012 discovery request through the filing of the present motions. *See Plaintiffs' Motion for an Extension or Sanctions*, pp. 1-16; *Plaintiffs' Rule 16(b) and 56(d) Motion*, pp. 1-16. Plaintiffs essentially reargue the previous motions to extend the discovery deadline by providing a supplemented recitation of the facts previously presented to the Court. Plaintiffs also argue that the Court's September 19 and December 17, 2012 orders are unfair.[2]

The Court's September 19, 2012 order extended the discovery and dispositive motions deadlines and limited discovery conducted after August 30, 2012 to the written discovery and depositions requested by the parties on or before August 30, 2012. *Order*, Doc. No. 60. Plaintiffs argue that the September 2012 order unfairly limited plaintiffs' ability "to obtain discovery in regard to their claims against the RCEMA Defendants" by limiting discovery of the RCEMA defendants to a single deposition. *Plaintiffs' Rule 16(b) and 56(d) Motion*, pp. 14-15. Plaintiffs further argue that the September 2012

---

[2] Plaintiffs did not file objections to the September 19 or December 17, 2012 orders. *See* Fed. R. Civ. P. 72(a).

order "make[s] it impossible for Plaintiff[s] to adequately oppose Defendants' Motion for Summary Judgment." *Id*. at p. 14. *See also id*. at p. 5 ("The Court's order limited and hampered Plaintiffs' ability to prepare their case and to obtain discovery at a time when a motion to dismiss was pending . . . ."). Plaintiffs now seek to extend the discovery completion deadline and to permit discovery beyond what had been requested on or before August 30, 2012. *Id*. at p. 16.

The Court's September 2012 order limited discovery because plaintiffs had failed to show good cause for the requested modification of the scheduling order. *See Order*, Doc. No. 60, pp. 2-3. Despite being advised in the *Preliminary Pretrial Order*, Doc. No. 26, "that the discovery completion date requires that discovery requests be made sufficiently in advance to permit timely response by that date," *id*. at p. 2, plaintiffs waited until August 9, 2012, *i.e.,* three weeks before the discovery deadline, to seek discovery from the RCEMA defendants. *Order*, Doc. No. 60, p. 2; *Plaintiffs' Rule 16(b) and 56(d) Motion*, p. 4. The Court noted plaintiffs' failure in this regard and limited discovery accordingly. *See Order*, Doc. No. 60, pp. 2-3. Plaintiffs have not persuaded the Court that the September 2012 order was erroneous or that the facts now establish good cause to further modify the pretrial schedule. Any limitation in the parties' ability to seek discovery is a direct result of their own failures to diligently pursue discovery during the initial discovery period.

The Court's December 17, 2012 order denied the parties' joint motion to extend the discovery completion and dispositive motions filing deadlines, Doc. No. 73. *Order*, Doc. No. 74. Plaintiffs argue

that the December 2012 order "penalizes Plaintiffs (who have fully
cooperated in this discovery process) . . . [and] enabl[es] the ARC
Defendants to prevent Plaintiffs from obtaining discovery needed to
prove their claims." *Plaintiffs' Rule 16(b) and 56(d) Motion*, p. 15.
The order also "make[s] it impossible for Plaintiff[s] to adequately
oppose Defendants' Motions for Summary Judgment" and "[e]ffectively .
. . determines this case in favor of the Defendants." *Id.* at pp. 14-
15. *See also Plaintiffs' Motion for an Extension or Sanctions*, p. 15.

The Court denied the parties' joint motion to extend the
discovery completion and dispositive motions filing deadlines because
the parties had failed to show good cause for the requested extension.
*See Order*, Doc. No. 74, p. 2. Notably, the parties had been advised
on two prior occasions that there would be no further extension of the
discovery completion deadline. *See Order*, Doc. No. 60; *Order*, Doc.
No. 69. Plaintiffs have not persuaded the Court that the December
2012 order was erroneous or that plaintiffs have now shown good cause
to modify the pretrial schedule.

Under all these circumstances, the Court concludes that
plaintiffs have failed to establish good cause for yet another
extension of the discovery completion and dispositive motions filing
dates. *See* Fed. R. Civ. P. 16.

### C.   Rule 56(d)

*Plaintiffs' Rule 16(b) and 56(d) Motion* also seeks an extension,
for an indeterminate period, to respond to defendants' motions for
summary judgment and to conduct discovery.

Rule 56(d) of the Federal Rules of Civil Procedure establishes

the proper procedure to be followed when a party concludes that additional discovery is necessary to respond to a motion for summary judgment:

> When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1)  defer considering the motion or deny it;
> (2)  allow time to obtain affidavits or declarations or to take discovery; or
> (3)  issue any other appropriate order.

Fed. R. Civ. P. 56(d). The affidavit or declaration required by the rule must "indicate to the district court [the party's] need for discovery, what material facts [the party] hopes to uncover, and why [the party] has not previously discovered the information." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir. 2000) (citing *Radich v. Goode,* 866 F.2d 1391, 1393-94 (3d Cir. 1989)). Rule 56(d) will not serve to shield parties who were dilatory in conducting the necessary discovery. *Mallory v. Noble Corr. Inst.*, 45 F. App'x 463, 469 (6th Cir. 2002) (citing *Schaffer v. A.O. Smith Harvestore Prods., Inc.*, 74 F.3d 722, 732 (6th Cir. 1996)). A motion under Rule 56(d) may be properly denied where the requesting party "'makes only general and conclusory statements [in its affidavit] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [information sought] to be discovered,'" *Ball v. Union Carbide Corp.,* 385 F.3d 713, 720 (6th Cir. 2004) (quoting *Ironside v. Simi Valley Hosp.,* 188 F.3d 350, 354 (6th Cir. 1999)), or where the affidavit "lacks 'any details' or 'specificity.'" *Id.* (quoting *Emmons v.*

10

*McLaughlin,* 874 F.2d 351, 357 (6th Cir. 1989)). The importance of complying with Rule 56(d) cannot be over-emphasized. *See Cacevic*, 226 F.3d at 488. Finally, whether or not to grant a request for additional discovery falls within the trial court's discretion. *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 426 (6th Cir. 2009).

In the case presently before the Court, plaintiffs have submitted the *Certification and Declaration* of Attorney Thomas I. Blackburn in support of their Rule 56(d) motion. *See Plaintiffs' Rule 16(b) and 56(d) Motion*, p. 17. Attorney Blackburn certifies that he "repeatedly . . . communicated with" counsel for the ARC defendants "in an attempt to schedule the depositions of Michael Carroll, Teals J. Brewer, Bill Malfara and Bill Maltz." *Id*. However, Brewer's deposition was cancelled by the ARC defendants, the ARC defendants did not provide a date on which to depose Bill Malfara, and did not provide last known addresses for Michael Carroll and Bill Maltz until the last day of the discovery completion period. *Id*. Attorney Blackburn also avers that Mary McCord and David Gore possess "written and electronic documents which, while requested, were not produced by the ARC Defendants." *Id*. According to Attorney Blackburn, counsel for the ARC defendants "stated that he would look into whether such testified-to-documents actually existed," but that he "never got back" to Attorney Blackburn. *Id*. Finally, Attorney Blackburn "declares that the depositions of those witnesses identified above, as well as depositions of additional parties and the receipt of requested, but not produced documents, are needed for Plaintiffs to adequately respond to Defendants' Motions for Summary Judgment." *Id*.

11

Attorney Blackburn's *Certification and Declaration* is insufficient to support a Rule 56(d) motion.  First, Attorney Blackburn's certification fails to comply with the requirements of 28 U.S.C. § 1746.  Under 28 U.S.C. § 1746, unsworn declarations have the same force and effect as a sworn affidavit only if "subscribed by [the declarant], as true under penalty of perjury, and dated, in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date).  (Signature).'" *Id*.  Attorney Blackburn's certification is not dated and it does not declare under penalty of perjury that the statements contained in the certification are true and correct.  *Plaintiffs' Rule 16(b) and 56(d) Motion*, p. 17.  This failure violates the strict requirements of Section 1746 and the Court therefore need not consider this defective declaration.  *See, e.g., Bonds v. Cox*, 20 F.3d 697, 702 (6th Cir. 1994) (excluding from consideration affidavits that were subscribed under penalty of perjury, but were undated).  Having failed to offer a proper declaration, plaintiffs have not complied with Rule 56(d).

Even considering the substance of Attorney Blackburn's certification, plaintiffs' request for additional time to conduct discovery is nevertheless without merit.  Plaintiffs seek to depose four identified individuals, to depose unidentified "additional parties," and to secure documents that were requested from the ARC defendants but which have allegedly not been produced.  *Plaintiffs' Rule 16(b) and 56(d) Motion*, p. 17.  The certification does not, however, specify what documents are needed and it fails to identify

12

the "additional parties" sought to be deposed.  The certification also fails to explain why any of the requested discovery is necessary to enable plaintiffs to respond to the motions for summary judgment or how plaintiffs expect those materials to help in opposing summary judgment.[3]  The certification also fails to set forth any reason whatsoever why plaintiffs need additional time to respond to the RCEMA defendants' motion for summary judgment.  Attorney Blackburn's certification simply lacks the specificity required by Rule 56(d).  *See Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) ("Bare allegations or vague assertions of the need for discovery are not enough. . . .  In order to fulfill the requirements of Fed. R. Civ. P. 56[d], [the movant] must state with 'some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment.'") (quoting *Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138, 1144 (Fed. Cir. 1996)).

Even considering the substance of *Plaintiffs' Rule 16(b) and 56(d) Motion*, plaintiffs' request for additional time to conduct discovery is without merit.  Plaintiffs' motion makes the same arguments for an extension of time to complete discovery under Rule 56(d) as it does under Rule 16(b).  *Compare id. with Reply of*

---

[3] Plaintiffs have in fact responded to defendants' motions for summary judgment.  The responses, which do not comply with the "Limitation Upon Length of Memoranda" requirements of S.D. Ohio Rule 7.2, specifically state that the "[e]vidence in this case is sufficient to establish" a genuine issue of material fact.  *Plaintiffs' Memorandum Contra to Defendants, Ross County Emergency Management Agency's and David Bethel's Motion for Summary Judgment*, Doc. No. 99, p. 3.  *See also id.* at pp. 13, 17-19; *Plaintiffs' Memorandum Contra to Defendants, American Red Cross' and Mary McCord's Motion for Summary Judgment*, Doc. No. 98, pp. 10, 16-18.

*Plaintiffs to Defendants Ross County Emergency Agency and David Bethel's Memorandum Contra Motion of Plaintiffs for Extension of Time to Respond to Motions for Summary Judgment and for Extension of Discovery Cut-off Period*, Doc. No. 104, p. 4 ("This argument is puzzling to Plaintiffs as Plaintiffs' Motion contains 16 pages setting forth Plaintiffs' arguments of why they have good cause for seeking an extension of discovery in this case . . . ."). As the record makes clear, plaintiffs have not been diligent in pursuing discovery and, although plaintiffs criticize the Court's discovery orders, *see Plaintiffs' Rule 16(b) and 56(d) Motion*, p. 14 ("[T]he Court's initial order limiting the discovery Plaintiffs could conduct and the Court's order denying an extension of the last discovery cut-off date also make it impossible for Plaintiff[s] to adequately oppose Defendants' Motion for Summary Judgment."), p. 15 ("[T]he Court Order of September 19, 2012 (Doc. #60) limited the ability of Plaintiffs to obtain discovery in regard to their claims against the RCEMA Defendants. Effectively, the Court Order of December 17, 2012, determines this case in favor of the Defendants and makes it impossible for Plaintiffs to adequately respond to Defendants' Motions for Summary Judgment."), plaintiffs did not file objections to those orders. *See* Fed. R. Civ. P. 72(a).

Under the circumstances, plaintiffs have failed to carry their burden under Rule 56(d) to show an inability to present facts essential to justify their opposition to defendants' motions for summary judgment.

14

**WHEREFORE**, based on the foregoing, *Plaintiffs' Motion for an Extension or Sanctions*, Doc. No. 89, is **DENIED**. *Plaintiffs' Rule 16(b) and 56(d) Motion*, Doc. No. 97, is **DENIED**.

March 20, 2013                    *s/Norah McCann King*
                                  Norah M<sup>c</sup>Cann King
                                  United States Magistrate Judge