IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SISTER MICHAEL MARIE,** *et al.*,

      **Plaintiffs,**

  Vs.                                            Case No. 2:11-cv-474
                                                                 Judge Watson
                                                                 Magistrate Judge King

**AMERICAN RED CROSS,** *et al.*,

      **Defendants.**

## OPINION AND ORDER

This action was filed on June 1, 2011, *Complaint*, Doc. No. 2, and defendants American Red Cross and Mary McCord filed a motion to dismiss on August 22, 2011, Doc. No. 12. That motion was granted on March 30, 2012, *Opinion and Order*, Doc. No. 35, and plaintiffs thereafter filed an *Amended Complaint*, Doc. No. 37. Defendants American Red Cross and Mary McCord filed a partial motion to dismiss the *Amended Complaint* on June 4, 2012. Doc. No. 41. The date by which all discovery was to have been completed was December 14, 2013. *Order*, Doc. No. 69; *Opinion and Order*, Doc. No. 110. Motions for summary judgment were filed on January 14, 2013, Doc. Nos. 85, 87. The Court granted the moving defendants' partial motion to dismiss on March 19, 2013, dismissing plaintiff's § 1983 claims in Counts One through Three of the *Amended Complaint* as against both defendants American Red Cross and Mary McCord and Counts Four through Six as against defendant McCord. *Opinion and Order*, Doc. No. 107. The motions for summary judgment remain pending.

This matter is now before the Court on these defendants' *Motion for Leave to Answer Amended Complaint After Resolution of the Motion for Summary Judgment* ("*Defendants' Motion*"), Doc. No. 113.  These defendants seek leave to defer the filing of an answer to the *Amended Complaint* until 21 days after the resolution of their pending motion for summary judgment.  These defendants argue that Fed. R. Civ. P. 12 "is silent on any time period for filing an answer after" a partial motion to dismiss is granted and that "[n]o party will be prejudiced by the grant of this motion."  *Defendants' Motion*, p. 2.

Plaintiffs have filed a response to *Defendants' Motion* ("*Plaintiff's Response*"), Doc. No. 119.  Plaintiffs argue that, regardless of the timing, they will be prejudiced if these defendants are permitted to file an answer because plaintiffs have not had the opportunity to conduct discovery regarding any affirmative defenses that may be asserted in the answer.  *Id*. at p. 3.  In the alternative, plaintiffs argue that these defendants should not be permitted to assert affirmative defenses in their answer and that discovery should be reopened.  *Id*.

These defendants have filed a reply, Doc. No. 23, restating their argument that Fed. R. Civ. P. 12 does not provide a time for serving an answer under the circumstances of this case, *i.e.*, after the grant of a partial motion to dismiss.

Defendants' argument to the contrary notwithstanding, Rule 12 of the Federal Rules of Civil Procedure addresses this issue.  In general, a defendant must serve an answer "within 21 days after being served with the summons and complaint."  Fed. R. Civ. P.

2

12(a)(1)(A)(i).  If an amended complaint is filed, an answer "must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."  Fed. R. Civ. P. 15(a)(3).  However, "[u]nless the court sets a different time," the service of a motion to dismiss under Rule 12(b) alters the time to respond: "[I]f the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action."  Fed. R. Civ. P. 12(a)(4)(A).  Rule 12(a)(4)(A) also applies in circumstances where, as here, a defendant files a motion to dismiss that is only partially dispositive.  *See Compton v. City of Harrodsburg*, 287 F.R.D. 401 (E.D. Ky. 2012); *Sun v. Rickenbacker Collections*, 5:10-cv-1055, 2012 WL 2838782, at *2 (N.D. Cal. July 10, 2012); *Talbot v. Sentinel Ins. Co., Ltd.*, 2:11-cv-1766, 2012 WL 1068763, at *4 (D. Nev. Mar. 29, 2012) (collecting cases holding that a partial motion to dismiss tolls the time to respond under Rule 12(a)(4)); *Kent v. Geren*, 07-cv-2202, 2008 WL 150060 (D. Colo. Jan. 11, 2008); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1346 (3d ed.).

Considering the current posture of the case, defendants American Red Cross and McCord were required to file a response to the *Amended Complaint* within fourteen days of the Court's March 19, 2013 resolution of their partial motion to dismiss.  *See Opinion and Order*, Doc. No. 107.  These defendants have not filed a responsive pleading within the time permitted by Rule 12.  Plaintiffs argue that they will be prejudiced if these defendants are now permitted to file an answer because plaintiffs will have been deprived of the opportunity to

3

conduct discovery regarding any affirmative defenses asserted in that answer.  *Plaintiffs' Response*, p. 3.

Defendants American Red Cross and McCord have offered no persuasive reason why the filing of a response to the *Amended Complaint* should be further delayed.  However, the Court also concludes that plaintiffs will not be prejudiced by permitting these defendants to file a responsive pleading at this juncture.  The discovery completion date had already passed and the motions for summary judgment had been fully briefed at the time the partial motion to dismiss was granted.  Had these defendants filed a response to the *Amended Complaint* in a timely fashion, plaintiffs would be in no better position than they are today.

Accordingly, *Defendants' Motion*, Doc. No. 113, is **GRANTED** in part.  Defendants American Red Cross and Mary McCord may have until June 10, 2013 to respond to the *Amended Complaint*.


June 3, 2013  *s/Norah McCann King*
Norah M<sup>c</sup>Cann King
United States Magistrate Judge